IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 7:09-CR-2-1H
No. 7:12-CV-161-H

| | |
|---|---|
| DONNIE RAY DEW, )<br>)<br>    Petitioner, )<br>)<br>)<br>    v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. ) | **ORDER** |

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, filed June 11, 2012. On August 13, 2012, in response to this court's order, the government filed a response, consenting that petitioner's motion has merit and presents a cognizable claim for relief under Section 2255. The parties agree that the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237, 240 (4th Cir. 2011), applies to petitioner's case.

On January 8, 2009, petitioner was charged in a single count indictment with possession of a firearm by a convicted felon, 18 U.S.C. §§ 922(g)(1) and 924 [DE #1]. On August 13, 2009, relying on then-existing precedent, petitioner pled guilty to a one count criminal information charging him with a different instance of possessing a firearm as a convicted felon. [DE #15]. On February 9, 2010, this court sentenced petitioner to 63 months in prison. [DE #50].

The court, having reviewed the record, agrees with the parties' assessment that petitioner's motion is meritorious. Under Simmons' definition of a felony offense, petitioner's prior North Carolina convictions are not felonies for the purposes of § 922(g)(1) because petitioner could not have been imprisoned for more than one year for these offenses. As petitioner's exposure for his prior convictions did not exceed one year, petitioner is factually innocent of the federal crime of being a felon in possession of a firearm in violation of § 922(g)(1).[1] Therefore, petitioner's motion to vacate [DE #53] is granted, and this court's judgment entered February 9, 2010 is hereby vacated. The court ORDERS that petitioner be discharged forthwith from the custody of the Federal Bureau of Prisons.

This 21st day of August 2012.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

---

[1] Inasmuch as any affirmative defense of the statute of limitations exists in this matter, the government explicitly waives said defense. (See Gov't Answer ¶ 4.)